UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TERRANCE JOHNSON,

                              Plaintiff,

               - against -

CITY OF NEW YORK,
POLICE OFFICER TALLEYRAND (ID# 947531),
POLICE OFFICER JOHN DOE(S) #'s 1-2,

                             Defendants.
-----------------------------------------------------------------X

**COMPLAINT**

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES**

Plaintiff, by his attorneys, **NASS & ROPER LAW, LLP**, complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

### AS AND FOR A FIRST CAUSE OF ACTION IN NEGLIGENCE

1. That the damages sought herein exclusive of interest, costs, and disbursements, exceed $75,000, and that this action is being commenced within the time allowed by law for institution of the action.

2. That at all times herein mentioned, Plaintiff, **TERRANCE JOHNSON**, was, and still is, a resident of the City, County and State of New York.

3. That at all times relevant and material herein, the Defendant, **CITY OF NEW YORK**, was, and still is, a municipal corporation, duly organized and existing under and by virtue of the Laws of the State of New York.

4. That prior hereto on June 22, 2012, and within the time prescribed by law, a sworn Notice of Claim stating, among other things, the time when and place where the injuries and damages were sustained, together with Plaintiffs' demands for adjustment thereof, was duly served on the claimant's behalf on the Comptroller for the City of New York and that thereafter

said Comptroller for the City of New York refused or neglected for more than thirty (30) days, and up to the commencement of this action, to make any adjustment or payment thereof, and that thereafter, and within the time provided by law, this action was commenced.

5. That Defendant, **CITY OF NEW YORK**, had the right to conduct a hearing, pursuant to General Municipal Law § 50-h, regarding the facts and circumstances of the incident complained of herein, provided it gave notice within thirty (30) days of service of the aforesaid Notice of Claim, and that on August 20, 2012, at approximately 9:45 AM the law firm of *Schiavetti, Corgan, et. Al. LLP*, outside counsel for Defendant, **CITY OF NEW YORK**, conducted that hearing of Plaintiff, **TERRANCE JOHNSON**, for which Plaintiff appeared and testified.

6. That upon information and belief and at all times herein mentioned, defendant, **CITY OF NEW YORK**, owned and operated a police department within the City of New York, known as the New York City Police Department, which includes the "44th precinct," and whose police headquarters are located at 2 East 169th Street Bronx, NY 10452.

7. That upon information and belief and at all times herein mentioned, an individual known as **POLICE OFFICER TALLEYRAND** was employed as a Police Officer by the New York City Police Department, with an ID Number "947531," and was assigned to and worked at the "44th Precinct," which had Police headquarters located at 2 East 169th Street Bronx, NY 10452.

8. That, upon information and belief, at all times herein mentioned, **POLICE OFFICER JOHN/JANE DOE(S) #'S 1-3**, fictitious names whose identity is currently unknown, were employed as Police Officers, Detectives, or in some other capacity as an agents

2

and/or employees of the New York City Police Department, an agency, department and/or subsidiary of Defendant, **CITY OF NEW YORK**.

9. That, upon information and belief, at all times herein mentioned, the individuals: **POLICE OFFICER TALLEYRAND, and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-3**, as well as other Police Officer(s), Detectives, and/or other agents and/or employees of the New York City Police Department, underwent a training program in order to become Police officers, detectives, and/or agents and employees of Defendant, **CITY OF NEW YORK**, that included the proper procedures by which to approach, question, search, and if necessary, detain an individual suspected of a crime, and when, if ever, violent physical force is warranted.

10. That on or about March 3, 2012, at approximately 10:00 p.m., while Plaintiff, **TERRANCE JOHNSON**, was lawfully present and driving in the vicinity of 163rd Street and Sheridan Avenue in the City, County of Bronx, and State of New York, Police officers of the New York City Police Department emerged and notified Plaintiff to pull his vehicle over.

11. That on or about March 3, 2012, at the above-mentioned time and location, when the red light turned green, Plaintiff turned off his turning signal and was instructed to drive through the intersection and pull over the vehicle. Plaintiff complied and turned off the vehicle. Plaintiff inquired as to the reason for the stop.

12. That on or about March 3, 2012, at the above-mentioned date and location, as Plaintiff, **TERRANCE JOHNSON**, was asked to step out of the vehicle and **POLICE OFFICER TALLEYRAND, and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-3**, and/or other Police Officer(s), Detectives, and/or other agents and/or employees of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, while acting in the scope and furtherance of their employment, escorted Plaintiff to the back of his car.

13. That on or about March 3, 2012, said Police officers, at the above-mentioned time and location, questioned Plaintiff, **TERRANCE JOHNSON,** and arrested Plaintiff without ever asking for any identification, registration, or license of any kind. Despite a complete search, no drugs were found on Plaintiff, although Plaintiff was informed that drugs were found in the vehicle. Plaintiff had no drugs in the vehicle and was never shown the "found" drugs at any time.

14. Plaintiff, **TERRANCE JOHNSON,** was transferred to the 44th Precinct where he soon thereafter started feeling dizzy and lightheaded from a lack of treatment for his diabetes. However, due to the Defendant's unwillingness to give Plaintiff his medication, Plaintiff was transferred to Lincoln Hospital where he was treated for high blood sugar, and complications with diabetes. Plaintiff, **TERRANCE JOHNSON** was held at the hospital for approximately two (2) days where he was taken to Central Booking.

15. Plaintiff, **TERRANCE JOHNSON** was processed and booked at Central Booking and approximately 24 to 48 hours later, Plaintiff was arraigned and seen by a judge.

16. Plaintiff, **TERRANCE JOHNSON** was charged with Possession of a Controlled Substance in the 5th Degree, Improper Turn, Unlicensed Operator and Uninsured Vehicle. Plaintiff was remanded and transferred to BCBC or "The Boat." Plaintiff was held for approximately twenty-six (26) days where he was called to appear at a Grand Jury Indictment and testify.

17. Approximately two to three weeks later, Plaintiff, **TERRANCE JOHNSON** was released as he had not been indicted. After approximately six appearances, all vehicle related charges were dismissed as well. All charges pending from the March 3, 2012 incident have been dismissed.

4

18. Due to improper medical treatment while at BCBC, Plaintiff, **TERRANCE JOHNSON** was taken to Bellvue Medical Center for treatment related to side affects from improper medical dosage.

19. That the New York City Police Department, and Defendant, **CITY OF NEW YORK**, were careless, reckless, and negligent under the circumstances in the following manner but not limited thereto: In failing to avoid the happening of the incident involved herein; in failing to heed warnings; in failing to hire, train, and supervise efficient and sufficient personnel including Police Officer(s), Detective(s), and/or other agents and/or employees; in failing to comply with all applicable statutes, ordinances, rules, and regulations; in failing to exercise reasonable care in the hiring and retaining of employees; in failing to ascertain that an individual(s) was/were inappropriate and unsuitable for a particular job function or title, including as Police Officer(s), Detective(s), agents, and/or employees; in failing to monitor the subject situation; in negligently conducting police duties; in failing to properly react to an individual who requires medical treatment; and all of defendants acts and/or omissions constituting negligence were a direct and proximate cause of the incident involved herein and injuries sustained therefrom.

20. That at all times mentioned herein, and based particularly on the March 3, 2012 events as more fully set forth hereinabove, the New York City Police Department and Defendant, **CITY OF NEW YORK**, are vicariously liable for the resulting injuries of the foregoing events of the individuals: **POLICE OFFICER TALLEYRAND, and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-3**, and/or other Police Officer(s), Detectives, and/or other agents and/or employees of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, and/or other Police Officer(s), Detectives, and/or other agents and/or

employees of Defendants, as the above-described acts and/or omissions were all perpetrated by Police Officer(s), Detectives, and/or other agents and/or employees of Defendant, within the scope and furtherance of their employment.

21. That, upon information and belief, the New York City Police Department, and Defendant, **CITY OF NEW YORK**, failed to adequately supervise, control, discipline, and/or otherwise prevent and penalize the conduct, and the acts of Police Officer(s), Detectives, and/or other agents and/or employees of Defendants involved in the incident herein, including their purported prior acts of violent and forceful altercations with otherwise lawfully present citizens, and other related inappropriate behavior.

22. That, upon information and belief, at all times mentioned herein and particularly prior to March 3, 2012, the New York City Police Department, and Defendant, **CITY OF NEW YORK**, failed to take all reasonable steps to eliminate the aforesaid conduct of Police Officer(s), Detectives, and/or other agents and/or employees of Defendants, towards the public, including Plaintiff, and to prevent it from occurring in the future, and failed to adequately supervise, control, discipline, and/or otherwise prevent and penalize the conduct, and the acts of Police Officer(s), Detectives, and/or other agents and/or employees of Defendants, related to their purported prior acts of false arrests, false charges, and improper medical attention with arrested citizens, including Plaintiff, and other related inappropriate behavior.

23. That, upon information and belief, the New York City Police Department, and Defendant, **CITY OF NEW YORK**, had actual as well as constructive notice and knowledge concerning the dangerous propensities and use of false charges by its Police Officer(s), Detectives, and/or other agents and/or employees prior to March 3, 2012, yet failed to take the necessary and timely steps to prevent the happening of the incident involved herein.

6

24. That by reason of the foregoing negligence on behalf of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, Plaintiff, **TERRANCE JOHNSON**, has been caused to sustain serious permanent personal injuries of body and mind as well as special damages and loss and/or diminution in his enjoyment of life, and that as a result of the foregoing, the Plaintiff, **TERRANCE JOHNSON**, has sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed ONE MILLION ($1,000,000) DOLLARS.

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR MEDICAL INDIFFERENCE

25. That at all times herein mentioned, Plaintiff repeats, reiterates and realleges each and every allegation contained herein as though set forth at length herein.

26. That on March 3, 2012, and throughout the subsequent detainment, while Plaintiff was in the custody of defendants, said Defendants deprivation of medical attention for diabetes presented a condition of urgency for Plaintiff, **TERRANCE JOHNSON**; one that could have produced death, and degeneration.

27. That Defendants deprivation caused extreme pain and suffering to Plaintiff, **TERRANCE JOHNSON,** and that defendant's officials were made aware of Plaintiff's serious medical needs. Defendants consciously disregarded a substantial risk of serious harm to Plaintiff, **TERRANCE JOHNSON,** thereby depriving him of immediate medical attention.

28. That by reason of Defendants acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff, **TERRANCE JOHNSON,** rights, deprived **TERRANCE JOHNSON** of his liberty when they deprived him of medical attention in violation of the Laws of the State of New York.

29. That on March 3, 2012 and throughout the his subsequent and approximate 4 weeks of detention, Police Officer(s), Detectives, and/or other agents and/or employees of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, deprived Plaintiff, **TERRANCE JOHNSON**, of his liberty by withholding Plaintiff's medicine with indifference to his medically urgent needs in violation of the Laws of the State of New York, all while in the scope and furtherance of their employment.

30. That by reason of the foregoing, Plaintiff, **TERRANCE JOHNSON**, suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

31. That as a direct, proximate cause of Defendants' medical indifference of the Plaintiff, **TERRANCE JOHNSON**, has suffered great physical and emotional injuries requiring a two-day hospital stay, and subsequent hospital follow-ups due to improper treatment, resulting in pain and suffering and emotional distress, as well as extreme mental anguish, outrage, severe anxiety, painful embarrassment, periods of depression, disruption of his life and loss of enjoyment of the ordinary pleasures of everyday life, and that as a result of the foregoing, the Plaintiff, **TERRANCE JOHNSON**, has sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed ONE MILLION ($1,000,000) DOLLARS.

### AS AND FOR A THIRD CAUSE OF ACTION
### FOR FALSE ARREST

32. That at all times herein mentioned, Plaintiff repeats, reiterates and realleges each and every allegation contained herein as though set forth at length herein.

8

33. That, at the above-mentioned date and location, immediately after the above-described physical altercation, Plaintiff was handcuffed by Police Officer(s), Detectives, and/or other agents and/or employees of the New York City Police Department, and Defendant, **CITY OF NEW YORK,** and placed in a Police Vehicle and taken to the 44th Precinct office of the New York City Police Department, located at 2 East 169th Street Bronx, NY 10452, but was never read his *Miranda* rights and was not informed that criminal charges were to be brought against him.

34. That Police Officer(s), Detectives, and/or other agents and/or employees of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, arrested Plaintiff, **TERRANCE JOHNSON**, and charged him with Possession of a Controlled Substance in the 5th Degree, Improper Turn, Unlicensed Operator and Uninsured Vehicle, despite the fact that Plaintiff had proper plates, and a proper license, and proper insurance.

35. That on or about March 3, 2012, the individuals: **POLICE OFFICER TALLEYRAND, and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-3**, as well as other Police Officer(s), Detectives, and/or other agents and/or employees of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, accused and arrested plaintiff, **TERRANCE JOHNSON**, of having committed a criminal act(s), to wit: Possession of a Controlled Substance in the 5th Degree, Improper Turn, Unlicensed Operator and Uninsured Vehicle, well knowing that Plaintiff committed no such criminal act(s) and were acting within the scope of their employment with the New York City Police Department, and Defendant, **CITY OF NEW YORK.**

36. That, upon information and belief, on or about March 3rd, 2012, Plaintiff, **TERRANCE JOHNSON**, was detained initially at the 44th Precinct office of the New York City

Police Department, located at 2 East 169th Street Bronx, NY 10452, where he remained in custody for approximately thirty minutes until he was transferred to the hospital for a period of approximately two (2) days. Plaintiff was thereupon transferred to Central Booking where he remained for another twent-four (24) hours before being arraigned.

37. That, upon information and belief, on or about March 6, 2012, Plaintiff, **TERRANCE JOHNSON**, was arraigned, Plaintiff pled "not guilty" to the criminal charges against him, to wit: Possession of a Controlled Substance in the 5th Degree, Improper Turn, Unlicensed Operator and Uninsured Vehicle and Plaintiff was remanded while the Court dismissed the Improper Turn and Unlicensed Operator charges.

38. That, under the circumstances herein, the New York City Police Department, and Defendant, **CITY OF NEW YORK**, falsely arrested, Plaintiff, **TERRANCE JOHNSON**, and he sustained emotional overlay, stress, anxiety, humiliation, embarrassment, tension, and loss of wages and employment opportunity, and that as a result of the foregoing, the Plaintiff, **TERRANCE JOHNSON**, has sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed ONE MILLION ($1,000,000) DOLLARS.

## AS AND FOR A FOURTH CAUSE OF ACTION
## FOR FALSE AND UNJUST DETENTION

39. That at all times herein mentioned, Plaintiff repeats, reiterates and realleges each and every allegation contained herein as though set forth at length herein.

40. That as a result of the foregoing, Plaintiff, **TERRANCE JOHNSON**, was held and detained by Police officer(s), detective(s), agent(s) and/or employee(s) of the New York City

Police Department, and Defendant, **CITY OF NEW YORK**, against his will and without just or any cause and that the foregoing constitutes false and unjust detention of plaintiff.

41. That as a result of the foregoing negligence on behalf of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, Plaintiff, **TERRANCE JOHNSON**, has sustained damages for serious permanent personal injuries of mind as well as special damages and loss and/or diminution in his enjoyment of life, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed ONE MILLION ($1,000,000) DOLLARS.

## AS AND FOR A FIFTH CAUSE OF ACTION
## FOR MALICIOUS PROSECUTION

42. That at all times herein mentioned, Plaintiff repeats, reiterates and realleges each and every allegation contained herein as though set forth at length herein.

43. That as a result of the foregoing, Police officer(s), detective(s), agent(s) and/or employee(s) of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, as well as prosecutors employed by Defendant **CITY OF NEW YORK**, instituted and maintained charges against plaintiff, **TERRANCE JOHNSON**, when defendants knew that said charges were baseless, without merit or justification.

44. That the criminal proceeding against Plaintiff, **TERRANCE JOHNSON**, terminated in favor of Plaintiff, **TERRANCE JOHNSON**, when the charge(s) were/are dismissed by on or about April 6, 2012 for the Criminal Possession charge and June 22, 2012 for the Operating without a License charge.

45. That the Defendants herein, instituted and/or encouraged criminal prosecution of Plaintiff, **TERRANCE JOHNSON**, and that upon there being no basis for any of the criminal

11

charges having been instituted in the first instance against Plaintiff, **TERRANCE JOHNSON**, Defendants' actions constitute malicious prosecution.

46. That by reason of the foregoing negligence on behalf of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, Plaintiff, **TERRANCE JOHNSON**, has been caused to sustain serious permanent personal injuries of mind as well as special damages and loss and/or diminution in his enjoyment of life, and that as a result of the foregoing, the Plaintiff, **TERRANCE JOHNSON**, has sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed ONE MILLION ($1,000,000) DOLLARS.

## AS AND FOR A SIXTH CAUSE OF ACTION
## FOR FALSE IMPRISONMENT

47. That at all times herein mentioned, Plaintiff repeats, reiterates and realleges each and every allegation contained herein as though set forth at length herein.

48. That as a result of the foregoing, Plaintiff, **TERRANCE JOHNSON**, was held, detained and incarcerated by Police officers, detectives, agents and/or employees of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, as well as prosecutors employed by Defendant, **CITY OF NEW YORK**, against his will and without just or any cause.

49. That Police officers, detectives, agents and/or employees of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, as well as prosecutors employed by Defendant, **CITY OF NEW YORK**, intentionally confined Plaintiff, **TERRANCE JOHNSON**, who was aware of such confinement, within the definite physical boundaries of a police precinct, criminal courthouse holding cell, jail cell, and/or other place of incarceration, with no reasonable means to contest said unlawful detention.

50. That as a result of the foregoing, Plaintiff, **TERRANCE JOHNSON**, was falsely imprisoned by the defendants herein, against his will and without just or any cause.

51. That by reason of the foregoing negligence on behalf of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, Plaintiff, **TERRANCE JOHNSON**, has been caused to sustain serious permanent personal injuries of mind as well as special damages and loss and/or diminution in his enjoyment of life, and that as a result of the foregoing, the Plaintiff, **TERRANCE JOHNSON**, has sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed ONE MILLION ($1,000,000) DOLLARS.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

52. That at all times herein mentioned, Plaintiff repeats, reiterates and realleges each and every allegation contained herein as though set forth at length herein.

53. That as a result of the aforementioned extreme and outrageous conduct intentionally inflicted by Police officers, detectives, agents and/or employees of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, as well as prosecutors employed by Defendant, **CITY OF NEW YORK**, Plaintiff, **TERRANCE JOHNSON**, suffered severe emotional and/or mental distress, including but not limited to emotional overlay, depression, stress, anxiety, humiliation, embarrassment and tension.

54. That as a result of the foregoing intentional, extreme and outrageous acts of the Defendants, Plaintiff, **TERRANCE JOHNSON**, suffered severe emotional and/or mental distress, all of which are permanent in nature, and that as a result of the foregoing, the Plaintiff, **TERRANCE JOHNSON**, has sustained damages, which exceed the jurisdictional limit of this

13

Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed ONE MILLION ($1,000,000) DOLLARS.

### AND AS FOR A EIGHTH CAUSE OF ACTION FOR VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C.A. §1983

55. That at all times herein mentioned, Plaintiff repeats, reiterates and realleges each and every allegation contained herein as though set forth at length herein.

56. That Defendants, in existence, employed, and/or acting under the color and authority of statutes, ordinances, regulations, customs, or usages of the State of New York, failed to follow proper procedures in their conduct towards, and treatment of Plaintiff, **TERRANCE JOHNSON**, all because of his race as an African-American, which was violative of Plaintiff's, **TERRANCE JOHNSON**, right to due process and equal protection under the laws as guaranteed by the Constitution of the United States of America.

57. That by reason of the foregoing, Plaintiff, **TERRANCE JOHNSON**, a citizen of the United States who had resided in the City, County of the Bronx and State of New York, was caused to be subjected to the deprivation of his rights, privileges, and immunities secured by the Constitution and laws of the United States pursuant to Title 42, Section 1983 of the United States Code.

58. That by reason of the foregoing negligence on behalf of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, Plaintiff, **TERRANCE JOHNSON**, has been caused to sustain serious permanent personal injuries of body and mind as well as special damages and loss and/or diminution in his enjoyment of life, and that as a result of the foregoing, the Plaintiff, **TERRANCE JOHNSON**, has sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff

has been damaged in a sum not to exceed ONE MILLION ($1,000,000) DOLLARS.

**WHEREFORE**, Plaintiff, **TERRANCE JOHNSON**, demands judgment against Defendants, **CITY OF NEW YORK**, on each of the aforementioned causes of action, all of which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff demands judgment on each and every cause of action in a sum not to exceed ONE MILLION ($1,000,000) DOLLARS, together with costs and disbursements of this action.

Dated:   New York, NY
         September 27, 2012

Yours, etc.

_____
EVAN H. NASS, ESQ. (EN0857)

## ATTORNEY'S VERIFICATION

EVAN H. NASS, ESQ., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney and member of NASS & ROPER LAW, LLP, attorneys for Plaintiff, TERRANCE JOHNSON. I have read the annexed COMPLAINT and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff is that Plaintiff is not presently in the county wherein the attorneys for the Plaintiff maintain their offices.

DATED:   New York, New York
         October 4, 2012

_____
EVAN H. NASS, ESQ. (EN0857)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TERRANCE JOHNSON,

                              Plaintiff,

– against –

CITY OF NEW YORK, ET AL.

                              Defendants.

## SUMMONS & VERIFIED COMPLAINT

NASS & ROPER LAW, LLP
*Attorneys for Plaintiff*
TERRANCE JOHNSON
14 Penn Plaza, Suite 2004
New York, New York 10122
(718) 775-3246
Fax: (718) 775-3246*